UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSE GARCIA, JESSICA BAEZ, individually and on behalf of her MINOR CHILD B.M.H., KATHERINE MELENDEZ, individually and on behalf of her MINOR CHILD K.M., JOSE L. GARCIA, SAMANTHA TORRES, individually and on behalf of her MINOR CHILD S.G., LUZ MELENDEZ, JOSHUA BUTLER, and MOISES MELENDEZ, | **AMENDED COMPLAINT**<br><br>Index No. 15-CV-2210 (JG)(JO) |
| Plaintiffs, | |
| THE CITY OF NEW YORK, Police Department Officer ("P.O.") CARLOS ZAMBRANO (Shield No. 26943), Lieutenant EDDIE LAU, Sergeant CHARLES SENAT (Shield No. 520), Deputy Inspector MARK DIPAULO, Detective ("Det.") LENIN GUERRERO, Det. JAMES POCCILO (Shield No. 4946), Det. STEVEN ATTARIAN (Shield No. 4735), Det. RICHARD COLANGELO (Shield No. 1228), Det. CHRISTOPHER FISCHER (Shield No. 1173), Det. ROBERT HONEYMAN (Shield No. 53), P.O. JOHN DOES 1- 4, in their individual capacities, | |
| Defendants. | |

---

Plaintiffs, through their attorney Gillian Cassell-Stiga, Esq., of Rankin & Taylor, PLLC, and Michael L. Spiegel, Esq., as and for their Complaint, do hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiffs' rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiffs despite the

absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of their persons, plaintiffs were deprived of their constitutional rights.

3. Plaintiffs also seek an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that Plaintiffs' claims arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff JOSE GARCIA is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

8. Plaintiff JESSICA BAEZ is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

9. Plaintiff MINOR CHILD B.M.H. is and was at all times relevant to this action an infant, residing with parent and natural guardian JESSICA BAEZ in the County of Kings in the City and State of New York.

10. Plaintiff KATHERINE MELENDEZ is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

11. Plaintiff MINOR CHILD K.M. is and was at all times relevant to this action an infant, residing with parent and natural guardian KATHERINE MELENDEZ in the County of Kings in the City and State of New York.

12. Plaintiff JOSE L. GARCIA is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

13. Plaintiff SAMANTHA TORRES is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

14. Plaintiff MINOR CHILD S.G. is and was at all times relevant to this action an infant, residing with parent and natural guardian SAMANTHA TORRES in the County of Kings in the City and State of New York.

15. Plaintiff LUZ MELENDEZ is and was at all times relevant to this action a resident of the County of Kings in the City and State of New York.

16. Plaintiff JOSHUA BUTLER is and was at all times relevant to this action a resident of the County of Richmond in the City and State of New York.

17. Plaintiff MOISES MELENDEZ is and was at all times relevant to this action a resident of the City and County of York in the State of Pennsylvania.

18. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

19. NYPD Officer ("P.O.") CARLOS ZAMBRANO (Shield No. 26943) ("ZAMBRANO"), Lieutenant EDDIE LAU ("LAU"), Sergeant CHARLES SENAT (Shield No. 520) ("SENAT"), Deputy Inspector MARK DIPAULO ("DIPAULO"), Detective ("Det.") LENIN GUERRERO ("GUERRERO"), Det. JAMES POCCILO (Shield No. 4946) ("POCCILO"),

Det. STEVEN ATTARIAN (Shield No. 4735) ("ATTARIAN"), Det. RICHARD COLANGELO (Shield No. 1228) ("COLANGELO"), Det. CHRISTOPHER FISCHER (Shield No. 1173) ("FISCHER"), Det. ROBERT HONEYMAN (Shield No. 53) ("HONEYMAN"), P.O. JOHN DOES, and P.O. JOHN DOES (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

20. The individual defendants are being sued herein in their individual and official capacities.

21. At all times relevant herein the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

22. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiffs' rights.

23. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

24. The true names and shield numbers of defendants JOHN DOES are not currently known to the plaintiffs.[1] However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

25. On May 20, 2014, at proximately 6:00 a.m., the plaintiffs were all sleeping inside an apartment at 196 Maujer Street in the County of Kings and State of New York ("the Apartment").

26. Defendants ZAMBRANO, LAU, SENAT, DIPAULO, GUERRERO, POCCILO, ATTARIAN, COLANGELO, FISCHER, HONEYMAN, and DOES broke the door open and entered the Apartment.

27. Defendants forced the plaintiffs, including the children, some barely clothed and without shoes, into the living room and then the hallway outside the apartment.

28. Plaintiffs MINOR CHILD B.M.H., MINOR CHILD K.M., and MINOR CHILD S.G. began to cry.

29. Defendants detained and questioned plaintiff KATHERINE MELENDEZ while she was forced to stand barely clothed in the kitchen.

30. Defendants searched the Apartment, destroying property.

31. Defendants found no contraband.

32. Defendants took money intended for rent.

33. Plaintiff LUZ MELENDEZ informed defendants numerous times that she needed medication for a heart condition. Access to the medication was refused.

34. Plaintiffs were handcuffed and brought to the precinct.

35. The Minor Plaintiffs were separated from their parents and other family members and placed in a separate cell.

36. Plaintiff LUZ MELENDEZ again informed defendants that she needed medication for a heart condition. Access to the medication was refused.

37. Plaintiffs JESSICA BAEZ, KATHERINE MELENDEZ, JOSE L. GARCIA, SAMANTHA TORRES, LUZ MELENDEZ, JOSHUA BUTLER, MOISES MELENDEZ and MINOR CHILDREN B.M.H., K.M., and S.G. were released in the afternoon, after approximately seven hours of detention. No charges were brought against them.

38. As a result of the unlawful handcuffing and arrest by defendants, they experienced loss of liberty, pain, suffering, mental anguish, and humiliation.

39. Plaintiff LUZ MELENDEZ sought medical treatment as a result of her arrest. She experienced loss of liberty, pain, suffering, mental anguish, and humiliation as a result of the unlawful handcuffing, arrest, and detention of her person.

40. Plaintiff JOSE GARCIA was detained and interrogated for approximately 12 hours, then released without being charged with any crime.

41. As a result of the unlawful arrest and detention by defendants, JOSE GARCIA experienced loss of liberty, pain, suffering, mental anguish, and humiliation.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Against all Defendants)

42. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. By their conduct and actions, defendants CITY, ZAMBRANO, LAU, SENAT, DIPAULO, GUERRERO, POCCILO, ATTARIAN, COLANGELO, FISCHER, HONEYMAN, and DOES falsely arrested plaintiffs, and by failing to intercede to prevent the complained of conduct, defendants, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

44. Defendants' deprivation of plaintiffs' constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

45. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants ZAMBRANO, LAU, SENAT, DIPAULO, GUERRERO, POCCILO, ATTARIAN, COLANGELO, FISCHER, HONEYMAN, and P.O. DOES, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

48. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

49. As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

## JURY DEMAND

50. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

**WHEREFORE**, Plaintiffs demand judgment against the defendants individually and jointly and pray for relief as follows:

   a. Compensatory damages;

   b. Punitive damages;

   c. Attorneys' fees and costs; and

   d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
September 18, 2015

Respectfully submitted,

By: _____
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
Ph: 212-226-4507
by Gillian Cassell-Stiga, Esq.

Michael L. Spiegel, Esq.
11 Park Place, Suite 914

New York, New York 10007
Ph: 212-587-8558

*Attorneys for Plaintiffs*