

**DISTRICT ATTORNEY
KINGS COUNTY**
350 JAY STREET
BROOKLYN, NY 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**Kenneth P. Thompson**
District Attorney

**Maria Park**
Deputy Bureau Chief

August 11, 2015

Gillian Cassell-Stiga, Esq.
Rankin & Taylor
11 Park Place, Suite 914
New York, New York 10007

Re:  Jose Garcia v. City, et al.
     15 CV 2210 (JG)(JO)

Dear Ms. Cassell-Stiga:

    The Kings County District Attorney's Office is in receipt of a subpoena served on this office on August 4, 2015. The subpoena seeks a copy of the office's entire trial file relating to the criminal case of People v. Jose Garcia.

    The Kings County District Attorney's Office cannot comply with the subpoena for a couple of reasons. First, you have not provided sufficient information to enable the office to locate the file. Our files can be accessed by indictment or docket number. Therefore, we will need this information to identify and locate the trial folder.

    Also, because you filed a civil suit and you are seeking information about a May 20, 2014 arrest, presumably, your client was arrested that day and there was a disposition in his favor. If the criminal case about which you are seeking information is sealed, please be advised that this office cannot provide any information about the case without a waiver from the person accused or a court order. Under the provisions of New York Criminal Procedure Law section 160.50, "[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed." The sealed records of a non-party district attorney cannot be unsealed through a subpoena. See Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001).

    Second, the Kings County District Attorney's Office objects to the subpoena because it seeks the entire trial file. This subpoena is thus manifestly overbroad on its face. Such a request by a civil litigant for an unlimited review of the files of a non-party prosecutor, on demand and without any effort to narrow the request amounts to an unreasonable and oppressive intrusion against public policy. See, generally, Bowman Dairy Co. v. United States, 341 U.S. 214, 221

<u>Garcia v. City, et al.</u>
August 11, 2015
Page 2

(1951) (fishing expedition to see what may turn up is an invalid subpoena demand); <u>In re United States</u>, 565 F.2d 19, 23 (2d Cir. 1977) ("[d]isclosure should not be permitted simply to permit a fishing expedition"); <u>Scheiner v. Wallace</u>, 1995 U.S. Dist. LEXIS 18873, *32-37 (S.D.N.Y. Dec. 19, 1995) (motion to compel production of New York District Attorney's entire investigative file denied); <u>Thomas v. City of Mount Vernon</u>, No. 89 Civ. 0522 (JFK), 1990 U.S. Dist. LEXIS 3036 at *4 (S.D.N.Y. 1990).

Furthermore, please note that no subpoena fee accompanied the subpoena. A check payable to the "Kings County District Attorney's Office," should have accompanied the subpoena. See <u>Austin v. Cermeno</u>, No. C 12-05187 YGR (PR), 2013 U.S. Dist. LEXIS 98645 (N.D. Cal. July 12, 2013) (Fed. R. Civ. P. 45[b][1] fee applies to subpoena <u>duces</u> <u>tecum</u> and must be tendered for each person); <u>Strahan v. Hussey</u>, No. 08-11251-RGS, 2009 U.S. Dist. LEXIS 40427 (D. Mass. May 13, 2009) (plaintiff in civil suit had to demonstrate he could pay all costs associated with service of subpoenas, including witness fees, where he was seeking document production).

We reserve the right to amend this Rule 45 letter to raise detailed objections at a later time. The Kings County District Attorney's Office's decision not to raise them in this letter should not be construed as a waiver of any right.

Should you believe that court action pursuant to Rule 45(d)(2)(B) is necessary, please afford me reasonable notice so that I may make my position known to the court.

Sincerely,

Maria Park
Assistant District Attorney
718-250-3013

cc: A.C.C. Elissa Jacobs
    Attorney for Defendants
    New York City Law Department
    100 Church Street
    New York, New York 10007