# Rankin & Taylor

**Attorneys at Law**

_____

| | |
|---|---|
| 11 Park Place, Suite 914 | Gillian@DRMTLaw.com |
| New York, New York 10007 | Phone: 212-226-4507 |
| | Fax: 212-658-9480 |

**VIA ECF ONLY**

November 13, 2015

Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     **Re:**  *Jose Garcia, et al. v. The City of New York, et al.*
         <u>Index No. 15-CV-02210 (JG) (JO)</u>

Your Honor:

  I am an associate at Rankin & Taylor, PLLC, attorneys for the plaintiffs in the above-referenced case. As you know, this case involves the false arrest of eleven plaintiffs, including three minor children, by officers of the New York City Police Department (NYPD) in the early morning hours of May 20, 2014. <u>See</u> Amended Complaint, ECF Docket Entry No. 10. Plaintiffs were all asleep in bed in a multiple rooms in their apartment when officers forcibly entered the apartment and forced all plaintiffs – including minor children - out of bed and into the hallway outside the apartment. Despite the absence of probable cause all plaintiffs were arrested and held at the precinct for six hours.

  On July 20, 2015, the parties exchanged initial disclosures and plaintiff served Plaintiffs' First Set of Interrogatories and Demands for Documents, attached hereto at <u>Exhibit A</u>. Pursuant to Local Civil Rule 37.3(a) the parties conferred by phone on September 30, 2015, at which time defense counsel indicated that the requested items would be produced on October 6, 2015. Defendants served Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents on or about October 7, 2015, attached at <u>Exhibit B</u> ("Defendants Responses"). Defendants thereafter produced a one-page CCRB summary for defendant Eddie Lau and a heavily redacted one-page NYPD Central Personnel Index summary, for defendant Carlos Zambrano. No disciplinary files have been received for the other defendants in this action.

  On November 12, 2015, plaintiff contacted defense counsel to discuss the intended motion and determine whether any of the items could be resolved without court intervention. The parties identified two categories of outstanding items, those which defendants would agree to produce (items 1-3 below) and those for which defendants maintained objections (items 4-6 below). The items for which defendants maintain objections to disclosure include: (1) training

1

provided to the individual defendant officers as to "how to execute search warrants, conduct searches, conduct arrests, and handle minors present" (See Exhibit A, at Document Request ("DR") No. 20); (2) training provided to the individual defendant officers concerning the "proper process for inventorying and recording a narcotic found attendant to a search or arrest" (See DR No. 21); and (3) the identities of witnesses held with plaintiffs at the precinct (See Exhibit A, at Interrogatory No. 3).

Under Rule 26 of the Federal Rules of Civil Procedure, Parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party …. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1). Relevance is an extremely broad concept and actions alleging violations of § 1983 require especially generous discovery. See Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997), *citing* Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 128 (N.D.N.Y 1984) ("Federal policy favors broad discovery in civil rights actions"); *see also* Kinoy v. Mitchell, 67 F.R.D. 1, 12 (S.D.N.Y.1975). Once the possible relevance of the requested discovery is established, "the burden shifts to the party opposing discovery to show the discovery is improper." Condit v. Dunne, 225 F.R.D. 100, 106 (S.D.N.Y. 2004).

Plaintiffs allege the individual defendants forcibly entered their home and arrested them without probable cause. The first two categories of documents demanded concern the training materials provided to individual defendants to aid them in constitutionally executing a search warrant or arrest and evidence the understanding held by defendant officers at the time of the incident and whether defendant city properly trained the officers to execute warrants and make arrests in a constitutionally permissible manner. See Chillemi v. Town of Southampton, No. 12-3370, 2015 U.S. Dist. LEXIS 51654 (E.D.N.Y. Apr. 20, 2015). These two requests are narrowly tailored to the individual officer defendants in this action and the training that each officer received prior to plaintiffs' arrest. Nonetheless, defendants maintain their objections as stated in Defendants Responses, namely the requests are "vague, ambiguous, overbroad…"

Additionally, Plaintiffs have brought claims against the municipal defendant pursuant Monell v Dep't of Soc. Svs., 436 U.S. 658 (1978). Plaintiffs' complaint alleges "defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants." See Amended Complaint, at ¶ 47. As the Supreme Court has explained, "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton v. Harris, 489 U.S. 378, 390 (U.S. 1989). Training materials provided to individual defendants by defendant City will indicate whether the municipality properly responded to known incidents of misconduct and adequately trained the officers to carry out their responsibilities within the bounds of the constitution.

The third category of items concerns the identities of witnesses to the incident and in particular Luz Melendez's medical distress as well as the distress of both minor plaintiffs and their parents as a result of the separation without cause. Defendants object to this request on the

basis that the information is sealed or implicates privacy interests. If any of these individuals were in fact convicted of their related charges, however, the information would not be sealed. Plaintiffs believe their interest in relevant discoverable information would outweighs the privacy interest of those held alongside plaintiffs at the precinct and successfully charged.

Defendants do not object to producing the remaining items, which include: (4) "any warrant application procured in relation to the incident, the underlying documentation used to inform the warrant application, statements from any confidential informant (CI), and documents concerning the prior dealings with an veracity of any CI" (See DR No. 18); (5) the disciplinary files for and complaints of misconduct against individual defendants including CCRB files (DR No. 9, 10, 11, 12); and (6) memo book entries for individual defendant officers (DR No. 1).

The fourth category of requests is narrowly tailored to determine what evidence was used to procure a search warrant and whether defendants had probable cause to arrest plaintiffs. This information is directly relevant to the alleged justification for entry into plaintiffs' apartment and the unconstitutional destruction of property and removal of plaintiffs from the premises. Defendants have agreed to produce the relevant information in their possession, however stated they would redact information identifying any confidential informant or undercover officer. Plaintiffs request the court order production of the documents supporting the search warrant and concerning any informant on or before November 27th.

The fifth category of requests concerns the properly discoverable disciplinary histories of individual defendants and histories of similar complaints. Defendants initially objected to the disclosure without a protective order. On November 12, Plaintiffs' counsel contacted defendants in regards to these items prior at which time they agreed to produce disciplinary summaries in on or before November 27th and the underlying disciplinary files containing factual allegations on or before December 11th. Plaintiff has signed and returned defendant's proposed Stipulation and Order of Confidentiality. Plaintiffs must have these materials to prepare for depositions, and respectfully requests the Court order production of the summaries and underlying files containing factual allegations by November 27th and December 11th respectively.

Defendants do not object to producing the sixth category of items, defendant officers' memobooks and have agreed to production in two weeks time. Plaintiffs respectfully request the Court similarly order production of the memobooks for individual defendants on or before November 27th.

Plaintiffs thank the Court for its time and consideration.

Respectfully submitted,

Gillian Cassell-Stiga

3

cc: Elissa Beth Jacobs, defense counsel
(*via ECF*)

Plaintiffs
(*via hand delivery*)