# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE GARCIA, et al.,

                    Plaintiff,

-v-

THE CITY OF NEW YORK, *et al.*,

                    Defendants.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND DEMANDS FOR DOCUMENTS**

15-CV-02210 (JG)(JO)

---

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), plaintiffs hereby request that defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below upon Gillian Cassell-Stiga at the offices of Rankin & Taylor, 11 Park Place, Suite 914, New York, NY 10007, within thirty (30) days after service hereof.

These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, defendant shall, within thirty (30) days, and in no event later than five (5) days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## INSTRUCTIONS

1. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2. Assertions of privilege made without a statement pursuant to Local Rule 26.2 will be considered non-responsive.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

2. As used herein, the term "incident" is defined as the encounter involving plaintiffs and employees of the New York City Police Department at the time and location described in the Complaint.

3. Any reference to the term "City" or "NYPD" shall be construed to include the City of New York and the New York City Police Department, such that a reference to one (1) such term shall also include both of those terms.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all New York City Police ("NYPD") employees or agents and/or other City employees or agents who were present at and/or participated in the incident or any portion of the incident, and set forth separately their true, full and correct names, shield numbers, commands on the date of the incident, current commands, and supervisors on the dates of the incident.

### INTERROGATORY NO. 2:

Identify all NYPD employees or agents and/or City employees or agents identified in response to Interrogatory No. 1 who were subject of or witnesses in any disciplinary proceedings or investigations as a result of their involvement in or witnessing of the incident.

**INTERROGATORY NO. 3:**

Identify all persons, including NYPD employees/agents or civilian witnesses, who witnessed the incident or any portion of the incident, including but not limited to all persons known to be at or near the vicinity of the use of force against plaintiffs or of plaintiffs' arrest.

**INTERROGATORY NO. 4:**

Identify all documents or records concerning, arising out of, or referring to plaintiffs' arrest, detention and medical care and the use of force against the plaintiffs relating to the incident; identify the name, shield number, and present address of the person who filled out, authored, or prepared each such document; identify the custodian and location of each such document; and provide a general description of all such documents.

**INTERROGATORY NO. 5:**

Identify all NYPD employees or agents and/or City employees or agents who placed plaintiffs in handcuffs during the incident.

**INTERROGATORY NO. 6:**

Identify any and all individuals who provided any NYPD agent with information about plaintiffs prior to the incident, contemporaneous with, and/or subsequent to the time of plaintiffs' arrest, and the NYPD agent who received the information.

**INTERROGATORY NO. 7:**

Identify all NYPD employees or agents and/or City employees or agents who in any way investigated, evaluated, reviewed, critiqued, or commended the involvement of any NYPD officer and/or City employee(s) or agent(s) in this matter.

**INTERROGATORY NO. 8:**

Identify all of the individual defendants or persons identified in response to Interrogatory No. 1 who have been the subject of complaints, grievances, Civilian Complaint

Review Board ("CCRB") investigations, Internal Affairs Bureau ("IAB") investigations, lawsuits or other legal or disciplinary investigations or action, including but not limited to those for dishonesty, abuse of their lawful authority, excessive force, assault, battery, violation of any federal constitutional right, or police brutality.

**INTERROGATORY NO. 9:**

State whether any of the individual defendants or other persons identified in response to Interrogatory No. 1 have ever been defendants in any lawsuit that accused them, individually or in their official capacity as police officers, with false statements, dishonesty, abuse of their lawful authority, excessive force, assault, battery, violation of any federal constitutional right, or police brutality. For every lawsuit identified in response to this interrogatory, list all plaintiffs and defendants, the causes of action, the date on which the suit was instituted, the court in which the suit was instituted, the docket or index number, and the result of each suit, including but not limited to those concluded by judgment or settlement.

**INTERROGATORY NO. 10:**

State whether and which of the individual defendants and/or persons identified in response to Interrogatory No. 1 are regularly or periodically scheduled to work together as partners.

**INTERROGATORY NO. 11:**

Identify any employee(s) of the City or at the New York District Attorney's office who spoke with and/or conducted interviews of any of the individual defendants and/or any other person regarding the incident.

## INTERROGATORY NO. 12:

Identify all NYPD employees or agents and/or City employees or agents who witnessed plaintiffs request medical attention and/or witnessed or participated in obtaining medical attention for plaintiffs during or following the incident.

## INTERROGATORY NO. 13:

Identify all NYPD employees or agents and/or City employees or agents who spoke with an employee of the district attorney's office regarding the incident.

## INTERROGATORY NO. 14:

Identify any and all documents related to database or tracking systems recording the number of complaints, lawsuits, disciplinary proceedings, and CCRB and IAB allegations maintained by the defendant City concerning persons identified in response to Interrogatory No. 1 and the individual defendants, including but not limited to documents generated by IAPro or any other internal affairs/professional standards software. If such documents or software do not exist, please so state.

## INTERROGATORY NO. 9:

State whether any of the individual defendants were using steroids, human growth hormone, or other substances falling within the ambit of Personnel Bureau Memo Number 95 (issued on December 21, 2009) at the time of the incident, or had used such substances during the 12-month period preceding the incident, or had tested positive for such substances during the 12-month period preceding the incident.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents concerning the incident referred to in the complaint including, but not limited to, search warrants, search warrant applications and supporting affidavits, arrest reports, UF-61s, on-line booking sheets, aided cards, aided reports, memo book or DAR entries, log book entries, command log entries, Desk Appearance Ticket Investigation forms, interrupted patrol log entries, property vouchers, property envelope cover sheets, DD-5s, UF-250s, Firearms Discharge / Assault Reports, "Verification of Crime" forms, witness statements, unusual occurrence reports, tactical plans, investigations unit warrant notification sheets, medical treatment of prisoner forms, prisoner movement sheets, 911 call reports, 311 call reports, complaints lodged with IAB, after-action reports, and ambulance call reports related to this incident.

### DOCUMENT REQUEST NO. 2:

All tape logs, transcriptions, and recordings prepared or kept in connection with or concerning the incident, including, but not limited to, 911 tapes (including a recording of the alleged civilian witness), SPRINT printouts and tape recordings or transcripts of any emergency radio transmission ("radio runs") related to this incident.

### DOCUMENT REQUEST NO. 3:

All documents containing or referring to the identity of all persons, including civilian witnesses and other employees or agents of defendant City, who witnessed the incident or any portion of the incident, or informed an underlying investigation of plaintiffs or the procurement of a warrant, including but not limited to persons present at the time and location described in the Complaint.

**DOCUMENT REQUEST NO. 4:**

Any documents or records concerning, arising out of, or referring to plaintiffs' arrest, detention and medical care.

**DOCUMENT REQUEST NO. 5:**

All documents (including, but not limited to, interviews, investigative reports, findings and adjudications) concerning or arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the IAB, the New York County District Attorney's office, the United States Attorney's office for the Southern or Eastern District, and/or any federal, state, or local law enforcement or other agency.

**DOCUMENT REQUEST NO. 6:**

All transcripts and tape recordings of all hearings, inquiries, interviews, and interrogations arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the IAB, 311 operators, 911 operators, the New York County District Attorney's office, the United States Attorney's Office for the Southern or Eastern District, and/or any federal, state, or local law enforcement or other agency.

**DOCUMENT REQUEST NO. 7:**

All documents or records of statements allegedly made by plaintiffs to any agent, servant or employee of the City of New York concerning the incidents.

**DOCUMENT REQUEST NO. 8:**

All images, photographs, digital or otherwise (including, but not limited to, Polaroids), videotapes, or other recordings of the location of the incident or of plaintiffs taken before and/or while plaintiffs were in defendants' custody related to the incident.

**DOCUMENT REQUEST NO. 9:**

Any and all documents related to database or tracking systems recording the number of complaints, lawsuits, and CCRB and IAB allegations maintained by the defendant City, including but not limited to those concerning persons identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 10:**

The disciplinary, medical, psychological, employment and personnel files, including but not limited to, the Central Personnel Index, G.O.-15 statements, pre-employment investigation information, psychological tests results, early intervention monitoring records, fitness for duty evaluations, use of force records, interviews, memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, of each individual defendant or other person identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 11:**

The CCRB history for each of the individual defendants and/or persons identified in response to Interrogatory No. 1 and the file, including but not limited to the closing report, for every complaint in which any individual defendant and/or persons identified in response to Interrogatory No. 1 was a subject officer.

**DOCUMENT REQUEST NO. 12:**

All documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, and/or warnings and admonishment against the individual defendants or person identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 13:**

Any Request for Legal Representation authored or submitted by a defendant.

**DOCUMENT REQUEST NO. 14:**

Any documents or records concerning, arising out of, or referring to the use of force against plaintiffs.

**DOCUMENT REQUEST NO. 15:**

Any and all documents created, authored or prepared by the individual defendants or individuals identified in response to Interrogatory No. 1 or any other NYPD employee or agent concerning the incident.

**DOCUMENT REQUEST NO. 16:**

All documents received by the New York City Law Department pursuant to subpoena or to plaintiff's authorizations / releases including but not limited to the criminal court file and medical records.

**DOCUMENT REQUEST NO. 17:**

Color photographs of individual defendants and individuals identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 18:**

Any warrant and warrant application procured in relation to the incident, the underlying documentation used to inform the warrant application, statements from any confidential informant (CI), and documents concerning the prior dealings with and veracity of any CI.

**DOCUMENT REQUEST NO. 19:**

Any Tac plan related to the incident.

**DOCUMENT REQUEST NO. 20:**

Any and all documents reflecting the training given to Emergency Service Unit (ESU) officers and NYPD officers regarding how the execute search warrants, conduct searches,

9

conduct arrests, and handle minors present, limited to the documents used in training the ESU members and NYPD officers present and the present training materials.

**DOCUMENT REQUEST NO. 21:**

Any and all documents, including patrol guide sections and other training materials for the period of ten years prior to the incident through the end of litigation, given to ESU or NYPD police officers, concerning the proper process for inventorying and recording a narcotic found attendant to a search or arrest.

**DOCUMENT REQUEST NO. 22:**

Any and all documents, including the field tests and vouchers, related to alleged narcotics found during the incident.

Dated:     New York, New York
           July 22, 2015

                                        Respectfully submitted,

                              By:       _____
                                        Gillian Cassell-Stiga
                                        Rankin & Taylor, PLLC
                                        *Attorneys for the Plaintiff*
                                        11 Park Place, Ste. 914
                                        New York, New York 10007
                                        Ph: 212-226-4507

To:    Elissa Beth Jacobs
       Special Federal Litigation Division
       New York City Law Department
       *Attorneys for Defendants*
       100 Church Street
       New York, New York 10007
       Ph: 212-356-2336
       *Via hand delivery only*

cc:    client, *via first class mail*