# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE GARCIA, et al.,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFFS' FIRST SET
OF INTERROGATORIES
AND DEMANDS FOR
DOCUMENTS**

15-CV-02210 (JG)(JO)

------------------------------------------------------------------------ x

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant(s) respond(s) and object(s) to Plaintiffs' First set of Interrogatories and Demands for Documents as follows:

### GENERAL STATEMENT AND GENERAL OBJECTIONS

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendants object to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

6.      With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

7.      Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8.      Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel.   Defendants also reserve the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all New York City Police ("NYPD") employees or agents and/or other City employees or agents who were present at and/or participated in the incident or any portion of the incident, and set forth separately their true, full and correct names, shield numbers, commands on the date of the incident, current commands, and supervisors on the dates of the incident.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, and not limited in time. Defendants further object to this interrogatory on the grounds that there is a more practical means to obtain the information sought, such as a deposition. Subject to and without waiving these objections and the General Objections, defendant refers plaintiff to their initial disclosures, dated July 20, 2015. In addition to the individuals named in their initial disclosures, defendants hereby identify: Detective Steven Attarian, Shield No. 4735, Emergency Service Unit, Floyd Bennett Field, Brooklyn, New York, 11234; Detective Richard Colangelo, Shield No. 1228, Emergency Service Unit, Floyd Bennett Field, Brooklyn, New York, 11234; Detective Christopher Fischer, Shield No. 1173, Emergency Service Unit, Floyd Bennett Field, Brooklyn, New York, 11234; Detective Robert Honeyman, Shield No. 53, Emergency Service Unit, Floyd Bennett Field, Brooklyn, New York, 11234; Detective Lenin Guerrero, Shield No. 7483, Emergency Service Unit, Floyd Bennett Field, Brooklyn, New York, 11234; Lt. Norman Anders, 90th Precinct, 211 Union Ave, Brooklyn, New York, 11211; P.O. Rudy Dominguez, Shield No. 8683, 90th Precinct, 211 Union Ave, Brooklyn, New York, 11211; P.O. Manuel Cantoralonso, Shield No. 11751, 90th Precinct, 211 Union Ave,

Brooklyn, New York, 11211; P.O. Raul Santos, Shield No. 2329, Property Clerk Division, 1 Police Plaza, New York, New York; P.O. Michael Fhima, Shiled No. 16981, 90th Precinct, 211 Union Ave, Brooklyn, New York, 11211; P.O. Laura Bromley, Shield No. 1688, 90th Precinct, 211 Union Ave, Brooklyn, New York, 11211; P.O. Nicholas Toscano, Shield No. 21842, 90th Precinct, 211 Union Ave, Brooklyn, New York, 11211; P.O. Charles Moore, Shield No. 9279, 90th Precinct, 211 Union Ave, Brooklyn, New York, 11211.

**INTERROGATORY NO. 2:**

Identify all NYPD employees or agents and/or City employees or agents identified in response to Interrogatory No. 1 who were subject of or witnesses in any disciplinary proceedings or investigations as a result of their involvement in or witnessing of the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, and not limited in time. Subject to and without waiving or in any way limiting these or the General Objections, defendants state that no disciplinary proceedings or investigations resulted from this incident.

**INTERROGATORY NO. 3:**

Identify all persons, including NYPD employees/agents or civilian witnesses, who witnessed the incident or any portion of the incident, including but not limited to all persons known to be at or near the vicinity of the use of force against plaintiffs or of plaintiffs' arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, and overbroad and seeks information not in defendants possession, custody or control. Defendants further object to this interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory to the extent it

implicates the attorney-client, official information, and/or work-product privileges, and invades the privacy rights of non-parties, and to the extent it may be sealed pursuant to C.P.L. 160.55. Defendants further object to this request on the grounds that it assumes facts not in evidence. Subject to and without waiving these objections or the General Objections, defendant refers plaintiff to its initial disclosures and to individuals identified in Interrogatory No. 1.

**INTERROGATORY NO. 4:**

   Identify all documents or records concerning, arising out of, or referring to plaintiffs' arrest, detention and medical care and the use of force against the plaintiffs relating to the incident; identify the name, shield number, and present address of the person who filled out, authored, or prepared each such document; identify the custodian and location of each such document; and provide a general description of all such documents.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

  Defendant objects to Interrogatory No. 4 on the grounds that it is vague, ambiguous, and overbroad.  Defendant further objects to this interrogatory because it assumes facts not established. Defendant further objects to this interrogatory because it calls for information protected by the deliberative process, law enforcement, attorney-client, and/or attorney work-product privileges, and to the extent it seeks documents that may be sealed pursuant to C.P.L. 160.50.  Defendant further objects to this interrogatory because it seeks information that is not within defendant's possession, custody or control or which may be equally available to plaintiff. Subject to and without waiving these objections and the General Objections, defendant refers plaintiff DEF 1-11; 17-23; DEF 24-44; 47; and 49-51.   In addition, defendant states that it is continuing to search for information responsive to this request and will update this response, if appropriate.

**INTERROGATORY NO. 5:**

Identify all NYPD employees or agents and/or City employees or agents who placed plaintiffs in handcuffs during the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it assumes facts not in evidence. Subject to, and without waiving or in any way limiting, these objections or the General Objections, defendants state that Detective Guerrero handcuffed the adult plaintiffs.

**INTERROGATORY NO. 6:**

Identify any and all individuals who provided any NYPD agent with information about plaintiffs prior to the incident, contemporaneous with, and/or subsequent to the time of plaintiffs' arrest, and the NYPD agent who received the information.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this interrogatory because it assumes facts not established. Defendant further objects to this interrogatory because it calls for information protected by the deliberative process, law enforcement, attorney-client, and/or attorney work-product privileges, and to the extent it seeks information that may be sealed pursuant to C.P.L. 160.50. Defendant further objects to this interrogatory because it seeks information that is not within defendant's possession, custody or control or which may be equally available to plaintiff.

**INTERROGATORY NO. 7:**

Identify all NYPD employees or agents and/or City employees or agents who in any way investigated, evaluated, reviewed, critiqued, or commended the involvement of any NYPD officer and/or City employee(s) or agent(s) in this matter.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents sealed by N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges. Notwithstanding these objections and without waiving or limiting these objections or the General Objections, defendants state that there is no information responsive to this request.

**INTERROGATORY NO. 8:**

Identify all of the individual defendants or persons identified in response to Interrogatory No. 1 who have been the subject of complaints, grievances, Civilian Complaint Review Board ("CCRB") investigations, Internal Affairs Bureau ("IAB") investigations, lawsuits or other legal or disciplinary investigations or action, including but not limited to those for dishonesty, abuse of their lawful authority, excessive force, assault, battery, violation of any federal constitutional right, or police brutality.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the

privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents sealed by N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges, and to the extent it seeks documents and information regarding allegations of misconduct that were not substantiated or did not result in a finding of misconduct. Notwithstanding these objections and without waiving or limiting these objections or the General Objections, subject to the execution of an appropriate Stipulation and Protective Order, defendants will produce closing reports reflecting allegations of misconduct made within the ten year period preceding the alleged incident of either a similar nature to the allegations in the complaint (namely, false arrest, and malicious prosecution), or false statements, for any defendant officers whom it is alleged had personal involvement in the incidents alleged in the complaint

**INTERROGATORY NO. 9:**

State whether any of the individual defendants or other persons identified in response to Interrogatory No. 1 have ever been defendants in any lawsuit that accused them, individually or in their official capacity as police officers, with false statements, dishonesty, abuse of their lawful authority, excessive force, assault, battery, violation of any federal constitutional right, or police brutality. For every lawsuit identified in response to this interrogatory, list all plaintiffs and defendants, the causes of action, the date on which the suit was instituted, the court in which the suit was instituted, the docket or index number, and the result of each suit, including but not limited to those concluded by judgment or settlement.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

        Defendants object to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it seeks documents sealed by N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges, and to the extent it seeks documents and information regarding allegations of misconduct that were not substantiated or did not result in a finding of misconduct.  Subject to and without waiving  or limiting these objections or the General Objections, and limiting these responses to those federal lawsuits filed against individuals named as defendants within the last two years, defendants state that Sgt. Eddie Lau was a defendant in George Nollah v. City of New York, et al., 12-cv-3394 (FB) (EDNY) and Christopher Fischer was a defendant in Henrietta Wise, et al., v. City of New York, et al., 12-CV-1823 (ENV) (EDNY).

**INTERROGATORY NO. 10:**

        State whether and which of the individual defendants and/or persons identified in response to Interrogatory No. 1 are regularly or periodically scheduled to work together as partners.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

        Defendants object to Interrogatory No. 10 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the

extent that it seeks information protected by the official information and law enforcement and privileges.   Subject to and without waiving   or limiting these objections or the General Objections, defendants state that Detectives Guerrero, Attarian, Colangelo, Fischer, and Honeyman, were all members of the Emergency Services Unit; and that Officers Dominguez, Zambrano, Fhima, Cantoralonso, Bromley, Santos and Sgt. Senat were all members of the 90th Precinct Special Narcotics Enforcement Unit.

**INTERROGATORY NO. 11:**

Identify any employee(s) of the City or at the New York District Attorney's office who spoke with and/or conducted interviews of any of the individual defendants and/or any other person regarding the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information not in defendants possession, custody or control.  Defendants further object to this request to the extent that it seeks information protected by the official information and law enforcement and privileges.   Subject to and without waiving or limiting these or the General Objections, defendants refer plaintiffs to documents previously produced as DEF 7 for responsive information.

**INTERROGATORY NO. 12:**

Identify all NYPD employees or agents and/or City employees or agents who witnessed plaintiffs request medical attention and/or witnessed or participated in obtaining medical attention for plaintiffs during or following the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

   Defendants object to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information not in defendants possession, custody or control. Subject to and without waiving or limiting these or the General Objections, defendants state that no plaintiff requested or received medical attention while in NYPD custody.

**INTERROGATORY NO. 13:**

   Identify all NYPD employees or agents and/or City employees or agents who spoke with an employee of the district attorney's office regarding the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

   Defendants object to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information not in defendants possession, custody or control. Defendants further object to this request to the extent that it seeks information protected by the official information and law enforcement and privileges. Subject to and without waiving or limiting these or the General Objections, defendants state that Officer Zambrano spoke with an employee of the District Attorney's office regarding the incident.

**INTERROGATORY NO. 14:**

   Identify any and all documents related to database or tracking systems recording the number of complaints, lawsuits, disciplinary proceedings, and CCRB and IAB allegations maintained by the defendant City concerning persons identified in response to Interrogatory No.

1 and the individual defendants, including but not limited to documents generated by IAPro or any other internal affairs/professional standards software.  If such documents or software do not exist, please so state.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:

Defendants object to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it seeks documents sealed by N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges, and to the extent it seeks documents and information regarding allegations of misconduct that were not substantiated or did not result in a finding of misconduct.  Notwithstanding these objections and without waiving or limiting these objections or the General Objections, subject to the execution of an appropriate Stipulation and Protective Order, defendants will produce closing reports reflecting allegations of misconduct made within the ten year period preceding the alleged incident of either a similar nature to the allegations in the complaint (namely, false arrest), or false statements, for any defendant officers whom it is alleged had personal involvement in the incidents alleged in the complaint

## INTERROGATORY NO. 9:

State whether any of the individual defendants were using steroids, human growth hormone, or other substances falling within the ambit of Personnel Bureau Memo Number 95 (issued on December 21, 2009) at the time of the incident, or had used such substances during the

12-month period preceding the incident, or had tested positive for such substances during the 12-month period preceding the incident.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:

In addition to the General Objections, defendants object to the second Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges, and to the extent it seeks documents and information regarding allegations of misconduct that were not substantiated or did not result in a finding of misconduct.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents concerning the incident referred to in the complaint including, but not limited to, search warrants, search warrant applications and supporting affidavits, arrest reports, UF-61s, on-line booking sheets, aided cards, aided reports, memo book or DAR entries, log book entries, command log entries, Desk Appearance Ticket Investigation forms, interrupted patrol log entries, property vouchers, property envelope cover sheets, DD-5s, UF-250s, Firearms Discharge / Assault Reports, "Verification of Crime" forms, witness statements, unusual occurrence reports, tactical plans, investigations unit warrant notification sheets, medical treatment of prisoner forms, prisoner movement sheets, 911 call reports, 311 call reports, complaints lodged with IAB, after-action reports, and ambulance call reports related to this incident.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document request No. 1 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control. Defendants further object to the extent that there is a more practical method to obtain the information sought, and to the extent that plaintiffs seek documents which may be protected from disclosure by the attorney-client privilege and/or the attorney-work product doctrine. Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege. Subject to without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to DEF 1-19 and 24-51 for responsive information.

- 14 -

Defendants are continuing to search for responsive information and will update this response if and when applicable.

**DOCUMENT REQUEST NO. 2:**

        All tape logs, transcriptions, and recordings prepared or kept in connection with or concerning the incident, including, but not limited to, 911 tapes (including a recording of the alleged civilian witness), SPRINT printouts and tape recordings or transcripts of any emergency radio transmission ("radio runs") related to this incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

        Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control.  Subject to without waiving or in any way limiting these objections or the General Objections, defendants state they are continuing to search for responsive information and will update this response if and when applicable.

**DOCUMENT REQUEST NO. 3:**

        All documents containing or referring to the identity of all persons, including civilian witnesses and other employees or agents of defendant City, who witnessed the incident or any portion of the incident, or informed an underlying investigation of plaintiffs or the procurement of a warrant, including but not limited to persons present at the time and location described in the Complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

        Defendants object to Document request No. 3 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is

- 15 -

not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control. Defendants further object to the extent that there is a more practical method to obtain the information sought, and to the extent that plaintiffs seek documents which may be protected from disclosure by the attorney-client privilege and/or the attorney-work product doctrine. Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege, the official information privilege and/or C.P.L. 160.55. Subject to without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to DEF 1-51 for responsive information. Defendants are continuing to search for responsive information and will update this response if and when applicable.

## DOCUMENT REQUEST NO. 4:

Any documents or records concerning, arising out of, or referring to plaintiffs' arrest, detention and medical care.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

See Objection and response to Document Request No. 3. Defendants further refer plaintiffs do documents numbered DEF 52-88.

## DOCUMENT REQUEST NO. 5:

All documents (including, but not limited to, interviews, investigative reports, findings and adjudications) concerning or arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the IAB, the New York County District Attorney's office, the United States Attorney's office for the Southern or Eastern District, and/or any federal, state, or local law enforcement or other agency.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to Document request No. 5 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control. Defendants further object to the extent that there is a more practical method to obtain the information sought, and to the extent that plaintiffs seek documents which may be protected from disclosure by the attorney-client privilege and/or the attorney-work product doctrine. Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege, the official information privilege and/or C.P.L. 160.55. Subject to without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to DEF 7 and DEF 50 for responsive information.

## DOCUMENT REQUEST NO. 6:

All transcripts and tape recordings of all hearings, inquiries, interviews, and interrogations arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the CCRB, the IAB, 311 operators, 911 operators, the New York County District Attorney's office, the United States Attorney's Office for the Southern or Eastern District, and/or any federal, state, or local law enforcement or other agency.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to Document request No. 6 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control. Defendants further object to the extent that there is a more practical method to obtain the information sought,

and to the extent that plaintiffs seek documents which may be protected from disclosure by the attorney-client privilege and/or the attorney-work product doctrine.  Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege, the official information privilege and/or C.P.L. 160.55.  Subject to without waiving or in any way limiting these objections or the General Objections, defendants state that there are no documents responsive to this request.

## DOCUMENT REQUEST NO. 7:

All documents or records of statements allegedly made by plaintiffs to any agent, servant or employee of the City of New York concerning the incidents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Defendants object to Document request No. 7 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control.  Defendants further object to the extent that there is a more practical method to obtain the information sought, Subject to without waiving or in any way limiting these objections or the General Objections, defendants state that there are no documents responsive to this request.

## DOCUMENT REQUEST NO. 8:

All images, photographs, digital or otherwise (including, but not limited to, Polaroids), videotapes, or other recordings of the location of the incident or of plaintiffs taken before and/or while plaintiffs were in defendants' custody related to the incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants object to Document request No. 8 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is

not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control.  Defendants further object to the extent that there is a more practical method to obtain the information sought, Subject to without waiving or in any way limiting these objections or the General Objections, defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 9:**

Any and all documents related to database or tracking systems recording the number of complaints, lawsuits, and CCRB and IAB allegations maintained by the defendant City, including but not limited to those concerning persons identified in response to Interrogatory No. l.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document demand No. 9 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it seeks documents sealed by N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges, and to the extent it seeks documents and information regarding allegations of misconduct that were not substantiated or did not result in a finding of misconduct.  Notwithstanding these objections and without waiving or limiting these objections or the General Objections, subject to the execution of an appropriate Stipulation and Protective Order, defendants will produce closing reports reflecting allegations of misconduct made within the ten year period preceding the alleged incident of either a similar nature to the allegations in the complaint (namely, false arrest), or

- 19 -

false statements, for any defendant officers whom it is alleged had personal involvement in the incidents alleged in the complaint

## DOCUMENT REQUEST NO. 10:

The disciplinary, medical, psychological, employment and personnel files, including but not limited to, the Central Personnel Index, G.O.-15 statements, pre-employment investigation information, psychological tests results, early intervention monitoring records, fitness for duty evaluations, use of force records, interviews, memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, of each individual defendant or other person identified in response to Interrogatory No. 1.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Defendants object to Document demand No. 10 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents sealed by N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks documents protected by HIPAA, to the extent it seeks documents protected by the official information, law enforcement and deliberative process privileges, and to the extent it seeks documents and information regarding allegations of misconduct that were not substantiated or did not result in a finding of misconduct. Notwithstanding these objections and without waiving or limiting these objections or the General Objections, subject to the execution of an appropriate Stipulation and Protective Order, defendants will produce closing reports reflecting allegations of misconduct made within the ten year period preceding the alleged incident of either a similar nature to the allegations in the complaint (namely, false arrest), or

false statements, for any defendant officers whom it is alleged had personal involvement in the incidents alleged in the complaint

**DOCUMENT REQUEST NO. 11:**

        The CCRB history for each of the individual defendants and/or persons identified in response to Interrogatory No. 1 and the file, including but not limited to the closing report, for every complaint in which any individual defendant and/or persons identified in response to Interrogatory No. 1 was a subject officer.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

        See Objection and Response to Document Request No. 10.

**DOCUMENT REQUEST NO. 12:**

        All documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, and/or warnings and admonishment against the individual defendants or person identified in response to Interrogatory No. 1.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

        See Objection and Response to Document Request No. 10.

**DOCUMENT REQUEST NO. 13:**

        Any Request for Legal Representation authored or submitted by a defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

        In addition to the General Objections, defendants object to this request on the grounds that it vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in scope, implicates the privacy interests of the parties and non-parties, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

to this request to the extent that it seeks documents protected by the official information, law enforcement and deliberative process privileges, and the attorney-client privilege.

**DOCUMENT REQUEST NO. 14:**

Any documents or records concerning, arising out of, or referring to the use of force against plaintiffs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document request No. 14 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control. Defendants further object to the extent that there is a more practical method to obtain the information sought, Subject to without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to DEF 3-4; 24-44.

**DOCUMENT REQUEST NO. 15:**

Any and all documents created, authored or prepared by the individual defendants or individuals identified in response to Interrogatory No. 1 or any other NYPD employee or agent concerning the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document request No. 15 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control. Defendants further object to the extent that there is a more practical method to obtain the information sought, and to the extent that plaintiffs seek documents which may be protected from disclosure by the

attorney-client privilege and/or the attorney-work product doctrine.  Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege.  Subject to without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to DEF 1-5; 8-51 for responsive information.  Defendants are continuing to search for responsive information and will update this response if and when applicable.

**DOCUMENT REQUEST NO. 16:**

All documents received by the New York City Law Department pursuant to subpoena or to plaintiff's authorizations / releases including but not limited to the criminal court file and medical records.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege.  Subject to and without waiving or in any way limiting these or the General Objections, defendants refer plaintiffs to documents numbered DEF 3-11; 17-44; and 52-88.

**DOCUMENT REQUEST NO. 17:**

Color photographs of individual defendants and individuals identified in response to Interrogatory No. l.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections, defendants object to Document Request No. 17 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not

sufficiently limited in time or scope, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that plaintiffs seek documents protected from disclosure by the law enforcement privilege and/or the official information privilege.

**DOCUMENT REQUEST NO. 18:**

        Any warrant and warrant application procured in relation to the incident, the underlying documentation used to inform the warrant application, statements from any confidential informant (CI), and documents concerning the prior dealings with and veracity of any CI.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

        Defendants object to Document Demand No. 18 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents not within defendants' possession, custody or control.  Defendants further object to the extent that plaintiffs seek documents protected from disclosure by the law enforcement privilege.  Defendants further object to this request on the grounds that it is not related to the claims in the Complaint.  Subject to and without waiving or in any way limiting these or the General Objections, defendants refer plaintiffs to the document numbered DEF 46.

**DOCUMENT REQUEST NO. 19:**

        Any Tac plan related to the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

        Defendants object to Document Demand No. 19 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome,

- 24 -

seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege. Subject to and without waiving or in any way limiting these or the General Objections, defendants refer plaintiffs to documents numbered DEF 45.

**DOCUMENT REQUEST NO. 20:**

Any and all documents reflecting the training given to Emergency Service Unit (ESU) officers and NYPD officers regarding how the execute search warrants, conduct searches, conduct arrests, and handle minors present, limited to the documents used in training the ESU members and NYPD officers present and the present training materials.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the General Objections, defendants object to Document Request No. 20 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not sufficiently limited in time or scope, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 21:**

Any and all documents, including patrol guide sections and other training materials for the period of ten years prior to the incident through the end of litigation, given to ESU or NYPD police officers, concerning the proper process for inventorying and recording a narcotic found attendant to a search or arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the General Objections, defendants object to Document Request No. 21 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not

sufficiently limited in time or scope, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 22:**

      Any and all documents, including the field tests and vouchers, related to alleged narcotics found during the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

      Defendants object to Document Demand No. 22 on the grounds that it is vague, ambiguous, overbroad, assumes facts that are not established, speculative, unduly burdensome, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege. Subject to and without waiving or in any way limiting these or the General Objections, defendants refer plaintiffs to documents numbered DEF 20-23.

Dated:      New York, New York
              October 6, 2015

                    ZACHARY W. CARTER
                    Corporation Counsel of the
                     City of New York
                    *Attorney for Defendants*
                    100 Church Street, Room 3-193
                    New York, New York 10007
                    (212) 356-3540

By:         _____
                    ELISSA BETH JACOBS
                    *Assistant Corporation Counsel*

TO:   RANKIN & TAYLOR, PLLC
      GILLIAN CASSELL-STIGA
      *Attorney for Plaintiff*
      11 Park Place, Ste. 914
      New York, New York  10007
      Ph:  212-226-4507