

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ELISSA B. JACOBS
*Assistant Corporation Counsel*
ejacobs@law.nyc.gov
Phone: (212) 356-3540
Fax: (212) 356-3509

November 18, 2015

**By ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Jose Garcia, et al. v. City of New York, et al.</u>,
              1:15-cv-2210-JG-JO

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter. In accordance with Local Civil Rule 37.3(c), and the Court's Order of November 13, 2015 defendant City writes respectfully in opposition to plaintiff's pending motion, filed November 13, 2015, to compel additional responses to plaintiffs' interrogatories and document requests.

      Briefly, by way of background, on May 20, 2014, a team of ESU officers executed a search warrant at 196 Maujer Street, Apt. 1C in Brooklyn. Following the entry by ESU, officers from the 90th Precinct entered the apartment, conducted a search and brought all of the individuals in the apartment to the precinct. Officers discovered small amounts of contraband, and ultimately released ten of the eleven individuals from the precinct. The eleventh, Jose Garcia, was held for approximately 10 hours, and then released. In addition, plaintiff Luz Melendez claims that she requested her medication and was denied during the approximately three hours she was held at the precinct.

      Defendants have consented to produce certain documents. In addition, in reviewing plaintiffs' letter, defendants are withdrawing their objection to produce the training materials, which are listed as categories one and two. However, as explained herein, defendant has properly and sufficiently responded to the rest of plaintiffs' initial discovery demands and the complement of plaintiffs' instant motion should be denied. Furthermore, defendants write to

correct the record on the parties agreement as to disciplinary records and information concerning any Confidential Informant.

*The Identities of Other Non-Party witnesses in the Precinct*

Plaintiffs are seeking the identities of civilians who were held in the police precinct who may have witnessed either the minor plaintiffs or Luz Melendez requesting her medication. Plaintiffs are seeking information about fellow arrestees whose arrests may be sealed pursuant to New York Criminal Procedure Laws § 160.50. In order to determine whether these arrests were sealed, defendants will have to request certificates of disposition for each of the arrestees who was in the precinct, a highly burdensome process. To the extent that they may be sealed, defendants have not received consent to unseal these documents, including the identities of other arrestees, from any of individuals who were arrested and therefore, absent a Court order, the City is statutorily barred from producing any materials in these files, including the identities of the non-party arrestees whose arrests have been sealed. See Wilson v. City of New York, 240 A.D.2d 266, 659 N.Y.S. 2d 8 (1st Dept. 1997).

Furthermore, plaintiffs have not provided any information to show that any individuals, other than themselves, would have had an opportunity to witness these events. Plaintiffs have not represented that there were other people in the holding cells, or provided descriptions of any other civilians who may have been present when Ms. Melendez allegedly asked for her medication. Without any reason to believe that there were in fact people who witnessed these events, there is no reason to impose this burdensome requirement on defendants or invade the privacy of individuals simply because they were in the precinct at the same time as the plaintiffs.

*Information Regarding the C.I.*

Plaintiffs seek information regarding the Confidential Informant, including "any information regarding the prior dealings with and veracity of any CI." Defendants have now produced the documents in our possession regarding the underlying investigation that led to the acquisition of the search warrant, including information regarding buys by the C.I.[1] These documents were produced with appropriate redactions to protect the C.I.'s identity. However, defendants to object to production of documents regarding "prior dealings" with the C.I. The documents plaintiffs seek contain information about a confidential informant as well as targets of other investigation, none of whom are parties in this action. These documents are clearly protected by the law enforcement privilege because they include "information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation…" In re the City of New York, 607 F.3d 923, 944 (2d Cir. 2010). In order to overcome that privilege, plaintiffs must show that (1) this suit is not frivolous and is brought in good faith, (2) that the

---

[1] Defendants do not have a copy of the search warrant affidavit in their possession, custody or control.

information sought is not available from other sources, and (3) there is a compelling need for the information they seek. See id.

Plaintiffs here cannot demonstrate that there is a compelling need for this information. Plaintiffs are not challenging the validity of the search warrant in this case. The question here is whether there was probable cause to arrest each plaintiff. See Complaint, generally. There is no reason that plaintiffs need to seek additional information regarding other previous encounters with the C.I. in this case. Plaintiffs do not have a compelling need for this information, and, to the extent that plaintiffs are seeking information beyond what has already been produced, this request should be denied.

*Scope of Disciplinary Disclosures*

Finally, plaintiffs have requested and defendants have agreed to produce certain disciplinary disclosures. However, plaintiffs' letter does not accurately reflect defendants' understanding of this agreement. Defendants have agreed to produce histories and underlying files for documents "reflecting allegations of misconduct made within the ten year period preceding the alleged incident of either a similar nature to the allegations in the complaint (namely, false arrest), or false statements, for any defendant officers whom it is alleged had personal involvement in the incidents alleged in the complaint." For the defendants who are members of ESU who had no part in the decision to arrest any plaintiff, defendants object to production of any disciplinary information other than those related to false statements. To the extent plaintiffs intended to compel documents beyond this understanding, defendants contend those records are wholly unrelated to this incident and the request should be denied.

Thank you for your consideration herein.

        Respectfully submitted,

        /s/
        Elissa B. Jacobs
        *Assistant Corporation Counsel*

cc:    VIA ECF
        Gillian Cassell-Stiga, Esq.
        *Plaintiff's Counsel*